IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TILISA RAYFORD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:19-cv-06071 |
| vs. ) | |
| ) | |
| **MAIN EVENT** ) | |
| **ENTERTAINMENT, LP,** ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Main Event Entertainment, LP, ("Main Event"), hereby removes to the United States District Court for the Western District of Missouri the action styled *Tilisa Rayford v. Main Event Entertainment, LP*, Case No. 19AE-CC00134, currently pending in the Circuit Court of Platte County, Missouri (the "Circuit Court Action"). Defendant removes this case on the grounds of federal question jurisdiction. In support of removal, Defendant states as follows:

**I. THE CIRCUIT COURT ACTION**

1. On April 22, 2019, Plaintiff Tilisa Rayford ("Plaintiff") commenced this action in the Circuit Court of Platte County, Missouri, by filing her Petition ("Petition").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the Circuit Court Action are attached as Exhibit A.

3. Plaintiff's Petition consists of seven counts:

   a. Count I: Violation under 29 U.S.C. § 2615(a)(1) FMLA Interference;

   b. Count II: Violation under 29 U.S.C. § 2615(a)(2) FMLA Retaliation;

      c.      Count III: Violation of MO. REV. STAT. §§ 213.010 *et seq.*, Disability Discrimination – Failure to Accommodate;

      d.      Count IV: Violation of MO. REV. STAT. §§ 213.010 *et seq.*, Disability Discrimination – Constructive Discharge;

      e.      Count V: Violation of MO. REV. STAT. §§ 213.010 *et seq.*, Disability Discrimination – Hostile Work Environment;

      f.      Count VI: Violation of MO. REV. STAT. §§ 213.010 *et seq.*, Disability Discrimination – Retaliation; and

      g.      Count VII: Violation of MO. REV. STAT. §§ 213.010 *et seq.*, Race and/or Sex Discrimination – Disparate Treatment.

4.      Summons and Petition were served on Defendant Main Event Entertainment, LP on April 25, 2019.

5.      The Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty days of service upon the first-served Defendant.

6.      Defendant Main Event is the only defendant. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly served have joined in this removal.

7.      By removing this action, Defendant does not waive any defenses or objections that it may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

## II.   VENUE

8.      Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Western District of Missouri because the territorial jurisdiction of this Court includes the Circuit Court of Platte County, Missouri, in which Plaintiff filed her Petition.

### III. NATURE OF CLAIMS AND FEDERAL QUESTION JURISDICTION

9. Plaintiff's claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a), in Counts I and II arise under federal law.

10. Because Plaintiff's Petition asserts that Defendant violated federal law, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

11. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under the Missouri Human Rights Act ("MHRA") for disability, race, and gender discrimination (Counts III-VII) because the claims are part of the same Article III "case or controversy" as the federal law claims over which the Court has original subject matter jurisdiction. 28 U.S.C. § 1367(a). Supplemental jurisdiction exists as to Plaintiff's state law claims because they "derive from a common nucleus of operative fact," and they are so linked to the federal claims that a plaintiff ordinarily would be expected to try them all in a single judicial proceeding. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 580 (2005).

### IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

12. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Platte County, Missouri, and will simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff as reflected by the Certificate of Service.

### V. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action to this Court from the Circuit Court of Platte County, Missouri, and requests that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

*/s/ Sara K. McCallum*
Anthony Romano, MO#36919
Sara K. McCallum, MO#67473
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
aromano@littler.com
smccallum@littler.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further certify that I have mailed by U.S. Mail, postage prepaid, the document to the following counsel of record:

Marc N. Middleton
Megan L. Stiles
CORNERSTONE LAW FIRM
8350 N. St. Clair Ave. Ste 225
Kansas City, Missouri 64151
m.middleton@cornerstonefirm.com
m.stiles@cornerstonefirm.com

ATTORNEYS FOR PLAINTIFF

*/s/ Sara K. McCallum*
Attorney for Defendant