Exhibit A

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

## IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

| | | |
|---|---|---|
| **TILISA RAYFORD,** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 8350 N. St. Clair Ave., Ste. 225 | ) | |
| Kansas City, MO 64151 | ) | |
| | ) | |
| **PLAINTIFF**, | ) | Case No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **MAIN EVENT ENTERTAINMENT,** | ) | **REQUEST FOR JURY TRIAL** |
| **LP.** | ) | |
| *Registered Agent*: | ) | |
| The Corporation Company | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| **DEFENDANT**. | ) | |

## PETITION FOR DAMAGES
### (Case Type TJ)

COMES NOW Plaintiff Tilisa Rayford, by and through her attorney, and for her cause of action against Defendant Main Event Entertainment, Inc. states and alleges as follows:

### Parties and Jurisdiction

1. This is an employment case based upon and arising under the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq.* ("MHRA") and the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

2. Plaintiff is a citizen of the state of Missouri, currently residing in Belton, Jackson County, Missouri.

3. Defendant Main Event Entertainment, LP ("Main Event") is and was at all relevant times a limited partnership organized under the laws of Texas conducting substantial and continuous business in the state of Missouri.

4. Defendant Main Event maintains and operates a place of business at 8081 NW Roanridge Road, Kansas City, Platte County, Missouri 64151.

5. At all relevant times, Main Event employed fifty or more employees within a seventy-five-mile radius.

6. At all relevant times, Main Event engaged in interstate commerce.

7. Main Event is an employer within the meaning of the MHRA.

8. Main Event is an employer within in the meaning of the FMLA.

9. This court has jurisdiction over the parties and subject matter of this action.

10. Venue is proper pursuant to MO. REV. STAT. § 508.010 because Plaintiff was first injured by the alleged wrongful acts in Platte County, Missouri.

## Administrative Procedures

11. On July 26, 2018, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant alleging disability discrimination, race discrimination, sex discrimination, and retaliation (attached as Exhibit 1 and incorporated herein by reference).

12. On January 23, 2019, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference).

13. The aforesaid Charge of Discrimination provided the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a MCHR investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

14. This lawsuit is filed within ninety (90) days of the issuance of the MCHR's Notice of Right to Sue.

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

16. This action is filed within the applicable statute of limitations.

<u>**Additional Factual Allegations**</u>

17. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

18. Plaintiff began working as a Sales Manager for Main Event around October 2016.

19. On November 8, 2017, Plaintiff was in a car accident and sustained injuries to her head, back, and neck.

20. As a result of her car accident, Plaintiff was diagnosed with a concussion and a cervical strain/sprain.

21. Plaintiff's concussion and cervical strain/sprain caused Plaintiff severe headaches and severe pain in her neck and back.

22. Plaintiff's chiropractor recommended that she refrain from working because Plaintiff's daily commute and extended use of a computer at work would aggravate her existing symptoms.

23. On December 14, 2017, Plaintiff emailed Gigi Wagner, Defendant's Regional Sales Manager, and informed Ms. Wagner of her condition. Plaintiff mentioned her recently-imposed restrictions and requested if she could work from home.

24. Plaintiff also contacted Defendant's Human Resources department on December 14, 2017 and conveyed that she wished to discuss her medical condition as well as the options available to her.

25. On December 15, 2017, Plaintiff was scheduled to work but had yet to receive a response from HR about potential accommodations. Because Plaintiff was experiencing particularly severe pain that day, Plaintiff emailed HR to advise that she would be unable to report to work.

26. In response to Plaintiff's email to HR, Steve Toliver, Defendant's District Manager, told Plaintiff that she should start the process to take an extended leave of absence of absence; no accommodations were discussed with Plaintiff.

27. On or about December 19, 2017, Plaintiff submitted paperwork to HR and requested intermittent FMLA leave per her physician's recommendation.

28. Though Plaintiff only requested intermittent FMLA leave, Defendant took away many of Plaintiff's job duties and re-assigned these duties to Plaintiff's coworkers.

29. After Plaintiff requested leave, she was approached by numerous coworkers who inquired about Plaintiff's medical condition and/or medical leave. Plaintiff was concerned that management had been freely discussing her situation amongst her coworkers.

30. On or around December 22, 2017, Plaintiff told Wayne Stancil, Vice President of Operations, that she felted targeted at work because of her condition. In response, Mr. Stancil became angry and sent Plaintiff home from work. Mr. Stancil told Plaintiff not to return to work until she could provide a doctor's note permitting her to return to work.

31. After Plaintiff obtained and provided a doctor's note permitting her to return to work, Plaintiff returned to work on December 27, 2017.

32. Upon Plaintiff's return to work, Mr. Toliver approached Plaintiff on several occasions to inquire about her medical condition; Mr. Toliver conveyed that this information should be provided to her instead of HR.

33. On January 9, 2018, Plaintiff addressed her concerns with Mr. Toliver with HR.

34. Plaintiff then discovered that Mr. Toliver had arranged for all of Plaintiff's emails to be sent to one of Plaintiff's coworkers.

35. Around mid-January 2018, Plaintiff provided Defendant with a note from her doctor that stated Plaintiff could work up to 8 hours per day but needed some time off for medical treatment and therapy.

36. On or around January 18, 2018, Plaintiff was informed her request for FMLA had been denied. As a result, Plaintiff continued to work full time and Defendant required her to make up any time she missed for doctor's appointments and/or utilize her PTO for said leave.

37. Mr. Toliver continued to closely monitor Plaintiff while she worked; for example, on days when Plaintiff needed to leave work to attend a doctor's appointment, Mr. Toliver went to Plaintiff's work location to stand in the doorway of Plaintiff's office, staring at Plaintiff and her watch intermittently.

38. Plaintiff's job duties continued to be allocated to other employees, including Plaintiff's subordinate. Plaintiff's subordinate began bragging that she had assumed extra duties. It appeared to Plaintiff that Defendant was grooming Plaintiff's subordinate to take over Plaintiff's position.

39. Next, Plaintiff arrived to work one day and discovered that she had been locked out of the manager's office; Mr. Toliver or Mr. Wrightsman had changed the code to the door without Plaintiff's knowledge.

40. Around April 11, 2018, Plaintiff was constructively discharged from employment.

**COUNT I**
**Violation under 29 U.S.C. § 2615(a)(1)**
**FMLA Interference**

41. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all of the above numbered paragraphs.

42. At all relevant times, Plaintiff had one or more serious health conditions.

43. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

44. By denying Plaintiff's request(s) for intermittent FMLA leave, Main Event interfered with Plaintiff's FMLA rights.

45. By restructuring Plaintiff's position and reallocating Plaintiff's job duties, Main Event interfered with Plaintiff's FMLA rights.

46. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Main Event, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Main Event, thus making Main Event liable for said actions under the doctrine *respondeat superior*.

47. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

48. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the laws, including the FMLA.

49. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

50. Pursuant to 29 U.S.C. §2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

   WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT II
### Violation under 29 U.S.C. § 2615(a)(2)
### FMLA Retaliation

51. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

52. At all relevant times, Plaintiff had a serious health condition.

53. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

54. Plaintiff engaged in a protected activity each time she requested FMLA leave or otherwise inquired about her FMLA rights.

55. Plaintiff engaged in a protected activity when she took FMLA leave.

56. Defendant retaliated against Plaintiff by subjecting her to a hostile work environment in that Defendant subjected Plaintiff to severe, pervasive and unwanted harassment.

57. Defendant retaliated against Plaintiff by constructively discharging her employment in that Defendant's treatment of Plaintiff made Plaintiff's working conditions intolerable and no reasonable person would have remained in Plaintiff's position.

58. A causal connection exists between Plaintiff's exercise of her FMLA rights and each of the aforementioned adverse employment actions taken against her.

59. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

60. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

61. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT III**
**Violation of MO. REV. STAT. §§ 213.010 *et seq.***
**Disability Discrimination - Failure to Accommodate**

62. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

63. At all relevant times, Plaintiff suffered from a concussion and/or head injury.

64. At all relevant times, Plaintiff suffered from a cervical strain/sprain.

65. Plaintiff's physical impairments substantially limited her major life activities, including but not limited to working, focusing, driving, and sitting.

66. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

67. Plaintiff was disabled pursuant to the MHRA.

68. By requesting intermittent time off work, Plaintiff requested reasonable accommodation for her disabilities.

69. By requesting to work from home, Plaintiff requested reasonable accommodation for her disabilities.

70. Allowing Plaintiff intermittent time off work did not pose an undue hardship on Defendant.

71. Allowing Plaintiff to work from home did not pose an undue hardship on Defendant.

72. Defendant failed to provide reasonable accommodation to Plaintiff.

73. Defendant refused to engage in the interactive process with Plaintiff to determine reasonable accommodation for her disabilities.

74. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

75. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

76. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

77. As shown by the foregoing, Plaintiff suffered intentional discrimination based on her disability.

78. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

79. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

80. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

81. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
## Violation of MO. REV. STAT. §§ 213.010 *et seq.*
## Disability Discrimination—Constructive Discharge

82. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

83. At all times relevant, Plaintiff suffered from a concussion, was regarded by Defendant as having such an impairment, and/or had a record of such impairment.

84. At all times relevant, Plaintiff suffered from a cervical strain/sprain, was regarded by Defendant as having such an impairment, and/or had a record of such impairment.

85. Plaintiff's physical impairments substantially limited her major life activities, including but not limited to working, focusing, driving, and sitting.

86. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

87. Plaintiff had one or more disabilities as defined by the MHRA.

88. Motivated by Plaintiff's actual, record of, or perceived disability, Defendant made Plaintiff's working conditions intolerable.

89. A reasonable person in Plaintiff's situation would have found resignation to be the only reasonable alternative to employment.

90. Defendant acted with the intent of forcing Plaintiff to quit her job.

91. In complaining about Defendant's conduct, Plaintiff gave Defendant sufficient notice to rectify the situation, but Defendant failed to do so.

92. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly

authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

93. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

94. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

95. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

96. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

97. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

98. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V
## Violation of Mo. Rev. Stat. §§ 213.010 *et seq.*
## Disability Discrimination—Hostile Work Environment

99. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs. At all times relevant, Plaintiff suffered from a concussion, was regarded by Defendant as having such an impairment, and/or had a record of such impairment.

100. At all times relevant, Plaintiff suffered from a cervical strain/sprain, was regarded by Defendant as having such an impairment, and/or had a record of such impairment.

101. Plaintiff's physical impairments substantially limited her major life activities, including but not limited to working, focusing, driving, and sitting.

102. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

103. Plaintiff had one or more disabilities as defined by the MHRA.

104. Defendant subjected Plaintiff to severe, pervasive, and unwelcome harassment.

105. Plaintiff's disability status was at least a motivating factor in the harassment to which she was subjected.

106. The harassment to which Plaintiff was subjected affected a term, condition or privilege of her employment in a manner sufficiently severe to create an abusive work environment.

107. At all times relevant, Defendant knew or should have known of the harassment, and Defendant failed to exercise reasonable care to prevent and promptly correct the harassment.

108. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the

scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

109. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

110. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

111. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

112. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

113. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

114. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable

attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT VI**
**Violation of Mo. Rev. Stat. §§ 213.010 *et seq.***
**Retaliation**

115. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

116. In requesting reasonable accommodation (i.e. working from home and intermittent leave), Plaintiff engaged in one or more protected activities under the MHRA.

117. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

118. Defendant retaliated against Plaintiff by subjecting her to a hostile work environment.

119. Defendant retaliated against Plaintiff by constructively discharging her employment.

120. A causal connection exists between Plaintiff's request(s) for accommodation and the aforementioned adverse employment actions taken against her.

121. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

122. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

123. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MRHA.

124. As shown by the foregoing, Plaintiff suffered intentional retaliation based on her request(s) for reasonable accommodation.

125. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

126. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

127. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

128. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT VII**
**Violation of MO. REV. STAT. §§ 213.010 *et seq.***
**Race and/or Sex Discrimination—Disparate Treatment**

129. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

130. Plaintiff is African American and therefore a member of a protected class.

131. Plaintiff is female and therefore a member of a protected class.

132. Defendant permitted male Caucasian employees to freely take FMLA/medical leave without repercussion.

133. In interfering with Plaintiff's FMLA rights, harassing her for requesting/taking FMLA leave, and in constructively discharging Plaintiff, Defendant discriminated against Plaintiff because of her race and/or sex.

134. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

135. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

136. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MRHA.

137. As shown by the foregoing, Plaintiff suffered intentional retaliation based on her request(s) for reasonable accommodation.

138. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

139. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

140. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

141. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury, in the Circuit Court of Platte County, Missouri, on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:    /s/ Marc N. Middleton
       Marc N. Middleton     Mo. Bar #60002
       m.middleton@cornerstonefirm.com
       Megan L. Stiles       Mo. Bar #69202
       m.stiles@cornerstonefirm.com
       8350 N. St. Clair Ave. Ste 225
       Kansas City, Missouri 64151
       Telephone            (816) 581-4040
       Facsimile            (816) 741-8889
       ATTORNEYS FOR PLAINTIFF

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

EEOC Form 5 (1/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | |
| [X] EEOC | 563-2018-02563 |

Missouri Commission on Human Rights
_State or local Agency, if any_                and EEOC

Name (indicate Mr., Ms., Mrs.)
**Tilisa Rayford**

| | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Street Address | 816-581-4040 | |

8350 N. St. Clair Ave., Ste. 225
City, State and ZIP Code    Kansas City, MO 64151

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Main Event Entertainment LP | 100+ | 816-281-2020 |

Street Address    City, State and ZIP Code

8081 NW Roanridge Rd., Kansas City, MO 64151

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
October 2016      present

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

RECEIVED
JUL 2 6 2016
By

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

7-26-18
Date          Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**EXHIBIT**
tabbies
1

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

## Attachment to EEOC Form 5 (5/01) for Tilisa Rayford

I, Tilisa Rayford, bring this Charge of Discrimination against Respondent Main Event Entertainment LP ("Main Event"). Main Event is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, As Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA"), and the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq.* ("MHRA").

I am a member of a protected class pursuant to Title VII and the MHRA because of my race, African American and gender, female. I am a member of a protected class pursuant to the ADAAA and the MHRA because at all times relevant, I had an actual or perceived disability as defined by the same, and I could perform the essential functions of my job with or without reasonable accommodation. The specific facts that give rise to my claims of race, gender and disability discrimination are as follows:

I began working for Main Event in October 2016 as the Sales Manager. From October 2016 through November 8, 2017, I did not have any problems at work related to attendance, performance or otherwise. On November 8, 2017, I was involved in a rear-end motor vehicle collision unrelated to work. I lost consciousness and sustained injuries to my head, back and neck. After the accident, I was unable to concentrate and had severe pain in my head, neck and back, which affected my activities of daily living. I initially tried to fight through the headaches and other pain, but after a couple of weeks I went to the doctor. I was diagnosed with a concussion and cervical strain/sprain. My physician referred me to a chiropractor for additional treatment. Both the doctor and chiropractor said that I shouldn't go to work because the one-hour drive was bad for my back and the extended use of the computer would be bad for my neck and head.


RECEIVED
JUL 2 6 2018
By

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

On December 14, 2017, I emailed Gigi Wagner, the Regional Sales Manager, and advised that my doctors wanted me to take off work because of my disability, but that I wanted to continue working from home. Ms. Wagner initially requested supporting documentation, but then she ceased communicating with me. Additionally, I reached out to Lethea Hendricks in Human Resources to discuss my condition and the options available to me. I received no response to any of my inquiries. On December 15, 2017, I emailed Ms. Wagner to advise that I was still feeling ill and I would not be able to come in that day. Steve Toliver, the District Manager, responded to my request saying that I should take a leave of absence. Mr. Toliver did not attempt to discuss options for reasonable accommodation. Instead, he simply told me to take a leave of absence. At this point, it appeared to me that Mr. Toliver was trying to force me out of work because of my disability.

On or about Sunday, December 18, 2017, I prepared my team's schedule as I normally do in my role as Sales Manager. On December 19, 2017, I returned to work and noticed that the schedule I prepared had been changed. After inquiry, I learned that Mr. Wrightsman changed the schedule, despite me having already prepared it. Prior to my disability, Mr. Wrightsman had never done the scheduling for my team. This was concerning to me as it appeared my duties were being stripped from me. As I was sitting in the office, Mr. Wrightsman burst through the door aggressively and said "why are you here!? You are supposed to be on leave!" When I asked him about changing the schedule I already prepared, he curtly responded "it's good" and "it's taken care of". At this point, I contacted Ms. Wagner asking why my responsibilities were being taken from me. I was performing my job as I always had and not only were people taking my responsibilities, but they were changing the work I already performed. I did not receive a response from Ms. Wagner. Instead, Mr. Toliver responded that they were taking my responsibilities so I

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

could "get better". I was both confused and concerned with why Mr. Toliver was getting involved as he was not my direct report. Instead, Ms. Wagner was my direct report and she stopped responding to me.

As I was trying to get a better understanding about my employment after my injury, I spoke with Victoria Barragan, who is an Event Coordinator. Ms. Barragan said that there were three meetings the previous Friday with Chris from operations, who said that I was going to be on leave and things were going to start changing at the company. Mr. Wrightsman said he was going to be taking over the majority of my responsibilities and things were going to be changing now that I was injured. As the day progressed, numerous people came to me inquiring about my leave. This was troubling because I was not on leave because of my injuries. The inquiries came from a range of different employees, to include servers, bussers and other staff. It was clear my condition was being discussed with the entire company, even with many people outside of management who had no need to know the details of my medical condition.

Also on December 19, 2017, I sent in my request for FMLA leave to Lethea Hendricks. I requested intermittent leave so I could attend physical therapy appointments and so I could have time off to manage pain as needed. My FMLA was initially denied. However, after further request, it was temporarily approved. I continued to be targeted and micromanaged. On December 22, 2017, I reached out to Wayne Stancil, VP of Operations, to complain that I was being targeted and treated differently from the moment I informed management of my injury. My hope was that Mr. Stancil would rectify the adverse treatment and smooth things over at my location. Instead, Mr. Stancil immediately became irate. He yelled at me for bringing *his* manager into *my* problems. He demanded a release to return to work and told me not to return until I could produce one. I was

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

forced to leave work at that time. On December 26, 2017, I received a release to return to work and sent it to Tamala Sibley, the HR Director, and Letha Hendricks.

I returned to work on December 28, 2017. On this date, Mr. Toliver came to me saying he needed more information about my medical condition. I was not comfortable giving this information to my co-employee, as I believed it should be going through Human Resources. I did not want my colleagues to have details about my confidential and sensitive health information. Indeed, while Mr. Toliver was the District Manager, we were both in management and on substantially similar levels at my store. Mr. Toliver was taking great interest in my medical condition and wouldn't allow me to simply communicate with HR about my needs. I got the sense that Mr. Toliver was upset because I did not take a full leave of absence like he originally suggested. I believed he was mad that I requested intermittent leave so I could still work while recovering from my injury.

On January 9, 2018, I requested a meeting with the Tamela Sibley, HR Director, to complain that it felt as though Mr. Toliver took a personal, special interest with my medical condition, my FMLA requests and my disability. I asked why he was so involved and explained that he was only targeting me, not others when similar incidents arose. Later that day, I learned that Mr. Toliver ordered the IT Department to have all of my emails sent to Mr. Wrightsman. I questioned Mr. Wrightsman about this and he advised this was being done under Mr. Toliver's direction. It is my understanding that Mr. Toliver has never required another employee's emails to go to another person while they were receiving medical treatment, especially when that employee was always available and never missed any emails or other responsibilities. I believed Mr. Toliver was doing this because I was a black female.

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

Around this time, my doctor sent a release saying I could work 8 hours per day, but that I still needed time off for medical treatment and therapy. Upon receiving this, on or around January 18, 2018, my FMLA was denied. Consequently, on January 18, 2018, I returned to work full time. Kristi Davis, who had recently replaced Gigi Wagner, sent an email copying Mr. Toliver, Mr. Wrightsman and HR, saying that I can attend doctor's appointments, but that I needed to make up the time I missed on evenings and weekends. I continued to attend appointments and used accrued PTO.

Mr. Toliver came up to my work location on more than one occasion around the time I went to a doctor's appointment and would stand by the door and stare at me and then stare at his watch. I felt as though he was trying to intimidate me for leaving for my doctor's appointments. Additionally, Mr. Wrightsman began opening my mail and setting it on my desk. Prior to my injury, Mr. Wrightsman never opened my mail. Also, either Mr. Wrightsman or Mr. Toliver changed the code to the manager's door without my knowledge. Consequently, I was shut out of the manager's office and was required to find another manager to let me in, which was degrading to my position and role with the company. Before my injury, I always had access to the manager's office as I was a manager.

On or about February 15, 2018, Ms. Davis showed up at my store without notice. Based on my discussions with other stores in the area, I learned that Ms. Davis did not appear at any other store in the area. It is my belief that she showed up at my store in an effort to intimidate and harass me. This conduct continued and other employees witnessed her aggressive behavior towards me. I was constantly scrutinized and harassed about my medical condition. My duties remained stripped and were handed to my subordinate, Rita. For example, it was always my responsibility to close out final numbers and I was the only team member capable of performing this task. After

Electronically Filed - Platte - April 22, 2019 - 04:26 PM

my injury, Rita began closing out the final numbers.  Rita began bragging about receiving these extra duties and the employer told her to "be patient".  I believe Main Event was grooming Rita for my role because I was injured and needed reasonable accommodation.

On or about April 11, 2018, due to the intense scrutiny, constant oversight, email monitoring, locking me out of the office, aggressively blocking the door and staring at watches when I went to my doctor's appointments, among other adverse acts, I was constructively discharged.  I believe I was under heightened scrutiny after my accident because of my race and my gender.  Based on my experience with the company, when Caucasian men were injured or required FMLA leave, their duties never changed upon their return.  Moreover, they were free to come and go to appointments as they please without the oversight and scrutiny I experienced.

In sum, I am a member of a protected class under the MHRA, Title VII, ADAAA, and anti-retaliation provisions thereof.  My race, my gender, my actual and/or perceived physical impairment, and my requests for reasonable accommodation unlawfully contributed to Respondent's adverse treatment of me and my constructive discharge.  While I am aware this agency does not have jurisdiction over my FMLA retaliation claim, I believe this request also contributed to my adverse treatment and shows the company had a pattern of retaliating against me for engaging in protected activities.   As a result of Respondent's actions, I am seeking back-pay, front-pay, emotional distress, damages, punitive damages, and any other remedy the Commission deems appropriate.

Electronically Filed - Platte - April 22, 2019 - 04:26 PM



# CORNERSTONE
## LAW FIRM

Ryan M. Paulus*
Christopher C. Fink
Joshua P. Wunderlich**
Brittany C. Mehl*
Aly R. Brownlee
Megan L. Stiles

*Also Licensed in Kansas        **Also Licensed in Nebraska

8350 N. St. Clair Avenue • Suite 225 • Kansas City, MO 64151 — Phone: (816) 581-4040  Fax: (816) 741-8889

I, _Tilisa Bayford_, authorize Ryan Paulus and all agents of Cornerstone Law Firm to represent me in any action and/or proceeding with the Equal Employment Opportunity Commission, Missouri Human Right Commission and Kansas Commission on Human Rights. I further authorize Cornerstone Law Firm to file a complaint and take any necessary action on my behalf in regards to my complaint with any of these agencies.

_Tilisa Bayford_
Print Name

_[signature]_        7-26-18
Signature                Date



**19AE-CC00134**

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON GOVERNOR | ANNA S. HUI DEPARTMENT DIRECTOR | MELODY A. SMITH, ED.D. ACTING COMMISSION CHAIR | ALISA WARREN, PH.D. EXECUTIVE DIRECTOR |
| --- | --- | --- | --- |

*FE-7/18-29415*
*Administrative Use/Records*

Tilisa Rayford
c/o Marc N. Middleton
8350 N. St. Clair Ave., Ste. 225
Kansas City, MO  64151
*Via email*

RE:   Rayford vs. Main Event Entertainment, LP
      FE-7/18-29415    563-2018-02563

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

<u>January 23, 2019</u>
Date

Main Event Entertainment, LP
8081 NW Roanridge Rd.
Kansas City, MO  64151

☐ 3315 W. TRUMAN BLVD. P.O. BOX 1129 JEFFERSON CITY, MO 65102-1129 PHONE: 573-751-3325 FAX: 573-751-2905

☐ 111 N. 7TH STREET, SUITE 903 ST. LOUIS, MO 63101-2100 PHONE: 314-340-7590 FAX: 314-340-7238

☐ P.O. BOX 1300 OZARK, MO 65721-1300 FAX: 417-485-6024

☒ 1410 GENESSEE, SUITE 260 KANSAS CITY, MO 64102 FAX: 816-889-3582

☐ 106 ARTHUR STREET SUITE D SIKESTON, MO 63801-5454 FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

**EXHIBIT**

**2**

# 19AE-CC00134

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | | |
|---|---|---|
| **TILISA RAYFORD,** | ) | |
| | ) | |
| **PLAINTIFF**, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: _____ |
| **MAIN EVENT ENTERTAINMENT,** | ) | |
| **LP.** | ) | |
| | ) | |
| **DEFENDANT**. | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for

Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names

(s):

| | | |
|---|---|---|
| Jamie Andrews PPS19-0214 | Tyler Kirkhart PPS19-0248 | Marybeth Rice PPS19-0282 |
| Laura Bedkins PPS19-0215 | Susan Kirkwood PPS19-0249 | Makayla Richardson PPS19-0283 |
| Bernard Beletsky PPS19-0216 | Richard Langdon PPS19-0250 | Jorge Rivera PPS19-0284 |
| Kareem Boakye-Yiadom PPS19-0217 | Greg Lanham PPS19-0251 | Richard Roth PPS19-0286 |
| Eddie Bogue PPS19-0218 | Damon Lester PPS19-0252 | Brenda Schiwitz PPS19-0287 |
| Arthur Boyer PPS19-0219 | John Logan PPS19-0253 | Brian Schmidt PPS19-0288 |
| Scott Brady PPS19-0220 | Kenneth Marshall PPS19-0254 | Laura Skinner PPS19-0289 |
| Jeffrey Brown PPS19-0221 | Deborah Martin PPS19-0255 | Thomas Skinner PPS19-0290 |
| Hester Ray Bryant PPS19-0222 | Michael Martin PPS19-0256 | Tiffany Stephenson PPS19-0291 |
| Nicole Bucklew PPS19-0223 | Casey McKee PPS19-0257 | David Taliaferro PPS19-0292 |
| Corinna Celoso PPS19-0224 | Austin McVay PPS19-0258 | Donald Walker PPS19-0293 |
| Greg Coon PPS19-0225 | Patricia Medley PPS19-0259 | Ryan Weekley PPS19-0294 |
| Marrissa Doan PPS19-0226 | Jason Moody PPS19-0260 | Andrew Wheeler PPS19-0295 |
| Tonya Elkins PPS19-0227 | Ronald Moore PPS19-0261 | Christian Wheeler PPS19-0296 |
| William Ferrell PPS19-0228 | Cassandra Musick PPS19-0262 | Roger White PPS19-0297 |
| Robert Finley PPS19-0229 | Andrew Myers PPS19-0263 | Jerry Whitworth PPS19-0298 |
| Kenneth Fountain III PPS19-0230 | Frederick Myers PPS19-0264 | Shannon Whitworth PPS19-0299 |
| Andrew Garza PPS19-0231 | James Myers PPS19-0265 | Andrew Wickliffe PPS19-0300 |
| Bradley Gordon PPS19-0232 | Stephanie Myers PPS19-0266 | Debra Woodhouse PPS19-0301 |
| Thomas Gorgen PPS19-0233 | Regina Nance PPS19-0267 | Alfonso Zambrand PPS19-0302 |
| Todd Harbour PPS19-0234 | Jeremy Nicholas PPS19-0268 | Greg Zotta PPS19-0303 |
| Rufus Harmon PPS19-0235 | Greg Noll PPS19-0269 | James Hannah PPS19-0420 |
| Natalie Hawks PPS19-0236 | Robert M O'Sullivan PPS19-0270 | Betty Johnson PPS19-0104 |
| Sharon Hendrickson PPS19-0237 | Charles Perry PPS19-0271 | Randy Stone PPS19-0186 |
| Wendy Hilgenberg PPS19-0238 | Devin Pettenger PPS19-0272 | Jarrett Bullock PPS19-0030 |
| Donald Hilsdon PPS19-0239 | Carrie Pfeifer PPS19-0273 | James Hise PPS19-0093 |
| Gerald Hissam PPS19-0240 | Herbert Pope PPS19-0274 | Bert Lott PPS19-0121 |
| Alex Holland PPS19-0241 | Bill Powell PPS19-0275 | Michael Noble PPS19-0137 |
| Richard Hopson PPS19-0242 | Dee Powell PPS19-0276 | Edna Russell PPS19-0156 |
| Edward Johnson PPS19-0243 | Samantha Powell PPS19-0277 | Mark Braden PPS19-0314 |
| Patrick Jones PPS19-0244 | Kim Presler PPS19-0278 | Joe Sherrod PPS19-0171 |
| Janet Kerr PPS19-0245 | Marcus Presler PPS19-0279 | Anthony Spada PPS19-0180 |
| Brent Kirkhart PPS19-0246 | Richard Raymond PPS19-0280 | Corinna Celoso PPS19-0224 |
| Janice Kirkhart PPS19-0247 | Kim Rice PPS19-0281 | Douglas Hays PPS19-0083 |
| Jim Frago PPS19-0074 | | |

who are qualified persons to serve process, are not parties and are not less than eighteen (18)

years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:   /s/ Marc N. Middleton
        Marc N. Middleton    Mo. Bar #60002
        m.middleton@cornerstonefirm.com
        Megan L. Stiles      Mo. Bar #69202
        m.stiles@cornerstonefirm.com
        8350 N. St. Clair Ave. Ste 225
        Kansas City, Missouri 64151
        Telephone       (816) 581-4040
        Facsimile       (816) 741-8889
        ATTORNEYS FOR PLAINTIFF

## **ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process

server is granted and the above-named individuals are hereby approved and appointed to serve process

in the above-captioned matter.

Date: _____    _____

                           Judge or Clerk



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division:<br>THOMAS C FINCHAM | **Case Number: 19AE-CC00134** |
|---|---|
| Plaintiff/Petitioner:<br>TILISA RAYFORD | Plaintiff's/Petitioner's Attorney/Address<br>MARC NELSON MIDDLETON<br>8350 NORTH ST CLAIR AVENUE<br>SUITE 225<br>vs.   KANSAS CITY, MO  64151 |
| Defendant/Respondent:<br> MAIN EVENT ENTERTAINMENT, LP | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO  64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **MAIN EVENT ENTERTAINMENT, LP**
       **Alias:**

**REG. AGENT THE CORP. COMPANY**
**120 S. CENTRAL AVE.**
**CLAYTON, MO 63105**

*COURT SEAL OF*

*PLATTE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_Tuesday, April 23, 2019_      _/s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C._
        Date                                   Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                           Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                                   Date                             Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: **Document Id # 19-SMCC-298**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:19-cv-06071-SRB   Document 1-2   Filed 05/24/19   Page 31 of 37

 **IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

### NOTICE
### SETTING ON CALENDAR

STATE OF MISSOURI       )
                                 ) ss
COUNTY OF PLATTE       )

CASE NO:           19AE-CC00134
NATURE OF SUIT:   CC Employmnt Discrmntn 213.111

TILISA RAYFORD
Plaintiff/Petitioner

       v.

 MAIN EVENT ENTERTAINMENT, LP
Defendant/Respondent

TO:

| TILISA RAYFORD 8350 N. ST. CLAIR AVE. STE. 225 KANSAS CITY, MO 64151 | MAIN EVENT ENTERTAINMENT, LP REG. AGENT THE CORP. COMPANY 120 S. CENTRAL AVE. CLAYTON, MO 63105 | MARC NELSON MIDDLETON 8350 NORTH ST CLAIR AVENUE SUITE 225 KANSAS CITY, MO 64151 | |
|---|---|---|---|

       You are hereby notified that the referenced case has been set on the calendar as follows:

             Division:       DIVISION 1 COURT ROOM
             Date:           02-AUG-2019
             Time:           09:00 AM
             Setting:        90 DAY DOCKET CALL

Date:   23-APR-2019

                                             Kimberly K. Johnson
                                           Circuit Clerk, Platte County

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | |
|---|---|
| TILISA RAYFORD, | ) |
| | ) |
| **PLAINTIFF**, | ) |
| | ) |
| v. | ) |
| | )  Case No.: _____ |
| **MAIN EVENT ENTERTAINMENT,** | ) |
| **LP.** | ) |
| | ) |
| **DEFENDANT**. | ) |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for

Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names

(s):

| | | |
|---|---|---|
| Jamie Andrews PPS19-0214 | Tyler Kirkhart PPS19-0248 | Marybeth Rice PPS19-0282 |
| Laura Bedkins PPS19-0215 | Susan Kirkwood PPS19-0249 | Makayla Richardson PPS19-0283 |
| Bernard Beletsky PPS19-0216 | Richard Langdon PPS19-0250 | Jorge Rivera PPS19-0284 |
| Kareem Boakye-Yiadom PPS19-0217 | Greg Lanham PPS19-0251 | Richard Roth PPS19-0286 |
| Eddie Bogue PPS19-0218 | Damon Lester PPS19-0252 | Brenda Schiwitz PPS19-0287 |
| Arthur Boyer PPS19-0219 | John Logan PPS19-0253 | Brian Schmidt PPS19-0288 |
| Scott Brady PPS19-0220 | Kenneth Marshall PPS19-0254 | Laura Skinner PPS19-0289 |
| Jeffrey Brown PPS19-0221 | Deborah Martin PPS19-0255 | Thomas Skinner PPS19-0290 |
| Hester Ray Bryant PPS19-0222 | Michael Martin PPS19-0256 | Tiffany Stephenson PPS19-0291 |
| Nicole Bucklew PPS19-0223 | Casey McKee PPS19-0257 | David Taliaferro PPS19-0292 |
| Corinna Celoso PPS19-0224 | Austin McVay PPS19-0258 | Donald Walker PPS19-0293 |
| Greg Coon PPS19-0225 | Patricia Medley PPS19-0259 | Ryan Weekley PPS19-0294 |
| Marrissa Doan PPS19-0226 | Jason Moody PPS19-0260 | Andrew Wheeler PPS19-0295 |
| Tonya Elkins PPS19-0227 | Ronald Moore PPS19-0261 | Christian Wheeler PPS19-0296 |
| William Ferrell PPS19-0228 | Cassandra Musick PPS19-0262 | Roger White PPS19-0297 |
| Robert Finley PPS19-0229 | Andrew Myers PPS19-0263 | Jerry Whitworth PPS19-0298 |
| Kenneth Fountain III PPS19-0230 | Frederick Myers PPS19-0264 | Shannon Whitworth PPS19-0299 |
| Andrew Garza PPS19-0231 | James Myers PPS19-0265 | Andrew Wickliffe PPS19-0300 |
| Bradley Gordon PPS19-0232 | Stephanie Myers PPS19-0266 | Debra Woodhouse PPS19-0301 |
| Thomas Gorgen PPS19-0233 | Regina Nance PPS19-0267 | Alfonso Zambrand PPS19-0302 |
| Todd Harbour PPS19-0234 | Jeremy Nicholas PPS19-0268 | Greg Zotta PPS19-0303 |
| Rufus Harmon PPS19-0235 | Greg Noll PPS19-0269 | James Hannah PPS19-0420 |
| Natalie Hawks PPS19-0236 | Robert M O'Sullivan PPS19-0270 | Betty Johnson PPS19-0104 |
| Sharon Hendrickson PPS19-0237 | Charles Perry PPS19-0271 | Randy Stone PPS19-0186 |
| Wendy Hilgenberg PPS19-0238 | Devin Pettenger PPS19-0272 | Jarrett Bullock PPS19-0030 |
| Donald Hilsdon PPS19-0239 | Carrie Pfeifer PPS19-0273 | James Hise PPS19-0093 |
| Gerald Hissam PPS19-0240 | Herbert Pope PPS19-0274 | Bert Lott PPS19-0121 |
| Alex Holland PPS19-0241 | Bill Powell PPS19-0275 | Michael Noble PPS19-0137 |
| Richard Hopson PPS19-0242 | Dee Powell PPS19-0276 | Edna Russell PPS19-0156 |
| Edward Johnson PPS19-0243 | Samantha Powell PPS19-0277 | Mark Braden PPS19-0314 |
| Patrick Jones PPS19-0244 | Kim Presler PPS19-0278 | Joe Sherrod PPS19-0171 |
| Janet Kerr PPS19-0245 | Marcus Presler PPS19-0279 | Anthony Spada PPS19-0180 |
| Brent Kirkhart PPS19-0246 | Richard Raymond PPS19-0280 | Corinna Celoso PPS19-0224 |
| Janice Kirkhart PPS19-0247 | Kim Rice PPS19-0281 | Douglas Hays PPS19-0083 |
| Jim Frago PPS19-0074 | | |

who are qualified persons to serve process, are not parties and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:   /s/ Marc N. Middleton
      Marc N. Middleton    Mo. Bar #60002
      m.middleton@cornerstonefirm.com
      Megan L. Stiles        Mo. Bar #69202
      m.stiles@cornerstonefirm.com
      8350 N. St. Clair Ave. Ste 225
      Kansas City, Missouri 64151
      Telephone         (816) 581-4040
      Facsimile         (816) 741-8889
      ATTORNEYS FOR PLAINTIFF

*FILED*
*4/23/2019*
*08:05 am*
*KIMBERLY K. JOHNSON*
*CIRCUIT CLERK*
*PLATTE COUNTY, MO*

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date:   **Tuesday, April 23, 2019**          */s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.*
                                            Judge or Clerk

# AFFIDAVIT OF SERVICE

**State of Missouri**  **County of Platte**  **Circuit Court**

Case Number: 19AE-CC00134   Court Date: 8/2/2019  9:00 am

Plaintiff:
**TILISA RAYFORD**
vs
Defendant
**MAIN EVENT ENTERTAINMENT LP**

POW2019005185

For: CORNERSTONE LAW FIRM

Received by D & B Legal Services, Inc. on the 23rd day of April, 2019 at 2:32 pm to be served on **MAIN EVENT ENTERTAINMENT LP C/O REGISTERED AGENT THE CORPORATION COMPANY, 120 SOUTH CENTRAL AVE, CLAYTON, MO 63105** I, _ARTHUR G. BOYER_, being duly sworn, depose and say that on the _15_ day of _APRIL_, 20_19_ at _3:03_ p.m., executed service by delivering a true copy of the **Summons** in Civil Case, **Petition For Damages, Exhibit 1, Exhibit 2 and Notice Setting on Calendar** in accordance with state statutes in the manner marked below:

[X] CORPORATE SERVICE By serving _DONNIE KOVE_ as _INTAKE SPECIALIST_

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS By serving _____ as _____
_____ at the alternate address of _____

( ) PUBLIC AGENCY By serving _____ as _____ of the within-named agency

( ) NON SERVICE: For the reason detailed in the Comments below

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_Arthur G. Boyer  4-26-19_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

D & B Legal Services, Inc.
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: 2019005185

Subscribed and Sworn to before me on the _26_ day of _____ by the affiant who is personally known to me

NOTARY PUBLIC

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0e



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division:<br>THOMAS C FINCHAM | Case Number: 19AE-CC00134 |
|---|---|
| Plaintiff/Petitioner:<br>TILISA RAYFORD | Plaintiff's/Petitioner's Attorney/Address<br>MARC NELSON MIDDLETON<br>8350 NORTH ST CLAIR AVENUE<br>SUITE 225<br>KANSAS CITY, MO 64151 |
| vs. | |
| Defendant/Respondent:<br>MAIN EVENT ENTERTAINMENT, LP | Court Address:<br>415 3RD STREET<br>SUITE 5 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | PLATTE CITY, MO 64079<br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MAIN EVENT ENTERTAINMENT, LP
Alias:
REG. AGENT THE CORP. COMPANY
120 S. CENTRAL AVE.
CLAYTON, MO 63105

**COURT SEAL OF**

**PLATTE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

___Tuesday, April 23, 2019___          /s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.
Date                                                                     Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date)

*(Seal)*

My commission expires _____                    _____
                                    Date                                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 19-SMCC-298          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**19AE-CC00134 - TILISA RAYFORD V MAIN EVENT ENTERTAINMENT, LP (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case

Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**05/02/2019** ☐ **Corporation Served**
Document ID - 19-SMCC-298; Served To - MAIN EVENT ENTERTAINMENT, LP; Server - ; Served Date - 25-APR-19; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - Summons was returned served by SPS on 4/25/19 with Bonnie Love accepting service. (ldb)

☐ **Notice of Service**
Affidavit of Service filed. (ldb)
**Filed By:** MARC NELSON MIDDLETON
**On Behalf Of:** TILISA RAYFORD

**04/23/2019** ☐ **Summons Issued-Circuit**
Document ID: 19-SMCC-298, for MAIN EVENT ENTERTAINMENT, LP. issued and returned to Attorney to forward to SPS for service. (ldb)

☐ **Notice**
NOTICE OF 90 DAY DOCKET CALL filed. Court date August 2, 2019 at 9:00 a.m. in DIV I. (ldb)

☐ **Order - Special Process Server**
ORDER filed. (ldb)

☐ **Hearing Scheduled**
**Scheduled For:** 08/02/2019; 9:00 AM; THOMAS C FINCHAM; Platte

**04/22/2019** ☐ **Filing Info Sheet eFiling**
**Filed By:** MARC NELSON MIDDLETON

☐ **Motion Special Process Server**
MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER filed. (ldb)
**Filed By:** MARC NELSON MIDDLETON
**On Behalf Of:** TILISA RAYFORD

☐ **Pet Filed in Circuit Ct**
PETITION FOR DAMAGES filed together with Exhibit 1-2. (ldb)

☐ **Judge Assigned**

---

Case.net Version 5.14.0.10          Return to Top of Page          Released 04/12/2019